**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions, Inc., | |
| Plaintiff, | No. CV-13-01123-PHX-PGR |
| vs. | ORDER |
| Martin Garcia Velazquez, et al., | |
| Defendants. | |

Pending before the Court is the parties' Stipulation of Dismissal of Plaintiff's Complaint Against Defendants Martin Garcia Velazquez, individually and d/b/a Los Tucanes Mexican Food; and Los Tucanes Mexican Food, LLC, an unknown business entity d/b/a Los Tucanes Mexican Food (Doc. 15). Having considered the stipulation, which the parties state is made pursuant to Fed.R.Civ.P. 41(a)(1), the Court finds that the stipulation is insufficient to automatically effect the dismissal of this action pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii) because it specifically conditions its effectiveness on a subsequent occurrence. *See* Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272 (11th Cir.2012).

The stipulation states that the dismissal of the action is without prejudice "subject to the Court's jurisdiction to enforce the settlement agreement reached by

the Parties[,]" which retention of jurisdiction is apparently needed because the parties also stipulated that the dismissal would be with prejudice if "no Party referenced above has filed a motion to reopen this action by August 20, 2014[.]" The Court finds this to be unacceptable because Rule 41(a)(1) does not permit parties to reopen an existing action after it has been dismissed, and because the stipulation provides no reason why the Court should retain jurisdiction over the parties' settlement agreement and the Court, in the exercise of its discretion, declines to do so.[1] *See* Arata v. Nu Skin International, Inc., 96 F.3d 1265, 1269 (9th Cir.1996) ("[T]he mere fact that the parties agree that the court should exercising continuing jurisdiction [over a settlement agreement] is not binding on the court.")

Furthermore, the stipulation is in any case ineffective to effectuate the dismissal of defendant Los Tucanes Mexican Food, LLC because the stipulation was signed on that defendant's behalf by defendant Martin Garcia Velazquez, a non-attorney, as the company's "authorized representative" notwithstanding that it is well-established that a non-attorney may not appear in federal court on behalf of a limited liability company. *See* Lattanzio v. COMTA, 481 F.3d 137, 140 (2nd Cir. 2007) (Court held that a limited liability company, even one solely-owned, may appear in federal court only through a licensed attorney.)  Therefore,

IT IS ORDERED that the parties' Stipulation of Dismissal of Plaintiff's Complaint Against Defendants Martin Garcia Velazquez, individually and d/b/a Los Tucanes Mexican Food; and Los Tucanes Mexican Food, LLC, an unknown business entity d/b/a Los Tucanes Mexican Food (Doc. 15) is rejected by the Court

---

[1] While the Court realizes that it has accepted this type of stipulation provision in the past from the plaintiff's counsel without comment, the Court is no longer willing to do so.

without prejudice.

IT IS FURTHER ORDERED that an appropriate stipulation of dismissal or an appropriate notice of voluntary dismissal shall be filed no later than October 31, 2013.

DATED this 4th day of October, 2013.

Paul G. Rosenblatt
United States District Judge